**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**


**Crop Production Services, Inc.**
**formerly known as**
**UPA DISTRIBUTION, INC.**                                                         **PLAINTIFF**

**v.**                                                                                                  **No. 2:10 CV105-DAS**

**BRUCE YANCEY, Jointly and Severally, and**
**CHARLEY YANCEY, Jointly and Severally,**
**doing business as YANCEY FARMS**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the court are the plaintiff's Motion for Summary Judgment (# 30) and the defendants' Motion for Partial Summary Judgment (# 34). The court has considered the submissions of the parties, the record, and the applicable law and rules as follows:

### Facts

This is an action for payment of sums due on an open account of Yancey Farms for goods sold to Yancey Farms by the plaintiff, Crop Production Services, Inc. ("CPS") in the amount of $284,141.01[1] during calendar year 2009, plus accrued interest and attorney's fees. From time to time, CPS sold goods on open account to Yancey Farms for its farming business enterprises. Defendant Bruce Yancey executed a Credit Application and Agreement ("Agreement") and an "Individual Guaranty for Entity Debt" for the benefit of CPS, absolutely and unconditionally guaranteeing the indebtedness due CPS from Yancey Farms. Both Bruce Yancey and Defendant Charlie Yancey are listed on the Agreement under the section requesting "ALL OWNERS,

---

[1]This figure represents the principal, plus accrued finance charges as of April 22, 2010.

PRINCIPALS, PARTNERS (LIMITED AND GENERAL), OFFICERS OR MEMBERS."
Charlie Yancey did not sign the Agreement, however.

On February 11, 2010, and March 4, 2010, CPS, through counsel, made demand on the defendants for payment of the indebtedness due CPS. CPS initiated the instant action by filing a complaint against the defendants, attaching a copy of the Agreement, demand letters dated February 11, 2010, and March 4, 2010, an Itemized Statement of Account showing the debits and credits on defendants' account, and an affidavit of Kevin Chambers, Regional Credit Manager for Crop Production Services, attesting to the open account balance of Yancey Farms. The defendants have admitted that they purchased and received goods or services from CPS pursuant to certain invoices, in the amount of $54,662.56.

## Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.,* 842 F.2d 815, 816 (5th Cir.1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.,* 75 F.Supp.2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude

summary judgment. *See id.* at 543 ( *citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir.1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial." *Id.* ( *quoting Topalian v. Ehrman,* 954 F.2d 1125, 1138 (5th Cir.1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth,* 75 F.Supp.2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F.Supp.2d at 543.

## **Analysis**

A. Defendants' Motion for Partial Summary Judgment

In support of their motion for partial summary judgment, the defendants argue that Charlie Yancey is not liable for the partnership debt at issue because he was not yet a partner of Yancey Farms at the time the debt was incurred. The plaintiff responds, however, that it relied upon the defendants' representation in the Agreement that they were partners in Yancey Farms. Because the record before the court reveals that there are fact issues regarding Charlie Yancey's status as a partner of Yancey Farms at the time the Agreement was executed and whether he is jointly and severally liable for the debt at issue in this case. Accordingly, the defendants' motion for partial summary judgment is hereby **DENIED**.

B. Plaintiff's Motion for Summary Judgment

There is no dispute that this case is one based on an open account. In an action on an open account, "[a] prima facie case is made by the proponent solely on his proof." *Natchez Electric & Supply Co. v. Johnson*, 968 So.2d 358, 360 (Miss. 2007). Once a prima facie case is made, the burden of proof shifts to the account debtor to prove that the amount claimed is incorrect. *Id.*

The Fifth Circuit has defined "prima facie" as "[evidence] such as will suffice until contradicted and overcome by other evidence . . . [a] case which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to the contrary is disregarded." *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1242 (5th Cir. 1982) (citations omitted).

The Mississippi Supreme Court has employed an open account framework in which, in order to make a prima facie showing, a plaintiff must present detailed account ledgers and offer testimony as to the accuracy of the ledger entries, the temporal relationship between the ledger entries and the actual events they represent, and the delivery of the materials represented by the entries. *See Natchez Elec. & Supply Co., Inc.*, 968 So.2d at 361 (plaintiff in an open account case made a prima facie case by presenting account ledgers and testimony describing plaintiff's standard business practice with defendant and supporting the accuracy of the ledgers). Once a prima facie case is made on an open account, "the burden of proof shifts to the account debtor to prove that the amount claimed is incorrect." *Natchez Elec. & Supply Co., Inc.*, 968 So.2d at 360. "Proof that a debt is not correct takes more than unsubstantiated assertions that the debt is not correct." *UAP Distrib., Inc. v. Selman*, No. 2:07cv133KS-MTP, 2008 WL 941785, at *3 (citing *Natchez Elec. & Supply Co., Inc.*, 968 So.2d at 360-64).

In this case, CPS has established a prima facie case on its proof. The Itemized Statement of Account attached to its Complaint and Motion show each entry of debit and credit, and the affidavit of CPS's Area Credit Manager, Joe Allen, states that each entry is correct. Moreover, Mr. Allen attests that all materials represented by the entries have been delivered to the defendants or on their behalf. Accordingly, the burden of proof shifts to the defendants to prove that the amounts claimed by CPS are incorrect.

The defendants have offered no summary judgment evidence rebutting that the amounts of the invoices claimed by CPS are incorrect. Instead, the defendants point to the deposition testimony of Bruce Yancey and argue that the Agreement executed by him is not completely integrated because he executed the Agreement on the representation of an agent of CPS that any interest, fees, and penalties would be waived, presumably until December 2009.[2] Based on this, the court finds that at least with respect to Bruce Yancey, this defendant has failed to meet his burden of proving that the total amount of the invoices claimed by CPS is not correct.[3] Accordingly, there are no genuine issues of material fact in this regard, and CPS is entitled to judgment against Bruce Yancey, jointly and severally, doing business as Yancey Farms in the total amount of all invoices at issue in this case.[4] The plaintiff has offered no reply to the defendants'

---

[2] Bruce Yancey testified that in July CPS sent a bill indicating that a default penalty would be assessed and interest would accrue from "then on out."

[3] Mr. Allen's affidavit indicates that the principal amount, $284,141.01, claimed by CPS includes "the amount of principal, plus accrued finance charges." The plaintiff has not presented the court with a figure representing the invoices exclusive of penalties and fees. However, this does not preclude summary judgment. The parties will have an opportunity to discuss this matter and present the court with the correct total for all invoices during the pretrial conference.

[4] The court determined above that there are fact issues regarding Charlie Yancey's status as a partner at the time the Agreement was executed. Accordingly, summary judgment is

arguments regarding the terms of the Agreement with respect to interest and fees. Because this issue cannot be determined with the present summary judgment motion, the plaintiff is not entitled to full summary judgment against Bruce Yancey.

**THEREFORE, IT IS ORDERED**,

1. That the plaintiff's motion for summary judgment is **GRANTED** in part;

2. That the plaintiff is entitled to entry of judgment against Bruce Yancey in the total amount of all invoices at issue in this case;

3. That the defendants' motion for partial summary judgment is **DENIED**.

This 11th day of May, 2011.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE

---

precluded with respect to this defendant.